ROBERT PALMER'S EXR., ET AL. *v.* ALLEN S. TURNER, ET AL.

. [Abstract Kentucky Law Reporter, Vol. 6—47.]

**Construction of Will.**

> A will only operates on the estate of the testator, and where before
> the probate of his will he has conveyed large tracts of land to his
> children and grandchildren, requiring some sons to pay over money
> to others of his heirs because they receive more land by the con-
> veyance, the will declaring that no advancements made by him
> should be charged to his children or grandchildren, all questions of
> advancements are settled by the conveyance and the will does not
> operate as to them.

APPEAL FROM BOURBON CIRCUIT COURT.

June 5, 1884.

OPINION BY JUDGE HARGIS:

On the 2d day of November, 1871, Robert Palmer, in considera-
tion of $1 and love and affection, by deed, conveyed six hundred
acres of land in unequal portions to his children and grandchildren.
The portion conveyed to his son, Joseph Palmer, was one hun-
dred acres and "also the balance of said Baylor tract, being forty-
five acres more or less, which forty-five acres lie next to the turn-
pike, but for this forty-five acres he is to pay, at said first party's
death, the value thereof to be fixed by commissioners." That
value Joseph was required to pay to two grandchildren who were
the only children of a deceased daughter. Mrs. Turner's portion
was directed to be laid off to her by commissioners at the grantor's .

death. The deed contains the following general clause: "All said land at the death of said first party shall be valued by commission-- ers, and those of the second party receiving more than an equal part shall pay to those not receiving so much, as much as will make them equal." The grantor reserved to himself "the use, control, possession and management of all said lands for and dur- ing the term of his natural lifetime, as though this conveyance had not been made, and said first party doth covenant that he will warrant the property hereby conveyed." May 24, 1879, Robert Palmer published his last will and testament in which he declared, "I have given to my several children and grandchildren, hereinafter named, various sums of money and property, both real and personal, from time to time according to my best judgment as to their several needs, and with a view to equality considering the circumstances and prospects of each of my said children and grandchildren," and then provided that "such gifts (were) never to be charged as advancements to any of my said children and grand- children." He then provides as follows: "It is my will and I so direct that none of my children or grandchildren hereinafter named ever be held to account for any gift of money or property of any description made by me during my lifetime to any of my said children or grandchildren; and it is my will and I so direct that no gift or payment or transfer or conveyance of money or property of any description whatever, or the use of any property by me to any of my children or grandchildren hereinafter named, shall be charged to any of them as an advancement in the settlement of my estate." In the subsequent clause of his will he provides for the payment of his debts and the equal division of his property among his children and grandchildren per stirpes.

By the deed of 1871 he alienated the fee simple title to the six hundred acres, subject to a life estate reserved unto himself, and vested his children and grandchildren, upon the terms and con- ditions specified, with an absolute irrevocable interest in remain- der. The condition providing that commissioners should be ap- pointed and value and equalize the portions of the grantees, and that some should account to others upon the valuation that should be made by the commissioners at his death, was as much a part of the deed as any other portion of it, and constituted a compo- nent element of the habendum clause. Having thus parted with

title to that portion of his estate by deed and ceased by his death to have any interest in it, those clauses of his will disposing of his property which necessarily related to that which he might own at his death could not have had reference to the six hundred acres which he had given to his children and grandchildren. But the significant and comprehensive language quoted from the will clearly and unmistakably demonstrates that he had in his judgment made an equal division of the six hundred acres by the deed, its terms being coupled with and that it was his will, that none of the gift, either of land or money, he had made to his children should be charged as advancements. He says so, and that was his intent; and as the testator had the right in his lifetime to convey in equal or unequal portions his estate according to his own views of equality and render such conveyance irrevocable, it follows also, under the law of wills, which does not control his power of free disposition of his estate, that he could devise the estate which he might own at his death either in unequal portions in so many words, or by excluding the estimation of what might otherwise be advancements, and in that way accomplish the same result. The whole of his estate was disposed of by his will, and in that will he has unequivocally declared that no previous gift or conveyance of his property shall be estimated or disturbed in arriving at the equality which he has willed shall prevail in the division of the estate owned by him at his death.

Wherefore the judgment of the circuit court is *reversed* and the decision of the superior court is *affirmed.* Judge Lewis dissenting.

*Chas. Offutt, for appellants.*

*Brent & McMillan, for appellees.*

